IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBI GROUP, INC., et al. | : |
| | : |
| v. | : |
| | : |
| CRÉDIT FONCIER DU CAMEROUN | : 1:07-cv-00637-JDB |
| | : |
| and | : |
| | : |
| THE GOVERNMENT OF THE REPUBLIC | : |
| OF CAMEROON | : |

### PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

COME NOW plaintiffs MBI Group Inc and Atlantic Group, SCI (hereinafter "Plaintiffs"), by and through undersigned counsel, and MOVE THIS Honorable Court for leave to conduct jurisdictional discovery, and in support therefore respectfully refer this Honorable Court to the annexed memorandum of points and authorities.

WHEREFORE, by all these presents, counsel for plaintiffs pray that the instant motion be denied.

### CERTIFICATE OF COUNSEL

Pursuant to L.CvR 7(m) I certify that I have discussed this motion by telephone and by email with counsel for defendants. Counsel for defendants was unable to consent to the instant motion.

Respectfully Submitted,

/s/

Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*: (202) 466-3883
*Fax*:   (202) 775-7477
*Email*: pmusolino@musolinoanddessel.com

/s/

Sylvia J. Rolinski # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*:   (240) 632-0906
*Email*: srolinski@rolinski.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MBI GROUP, INC., et al.** : | |
| : | |
| **v.** : | |
| : | |
| **CRÉDIT FONCIER DU CAMEROUN** : | 1:07-cv-00637-JDB |
| : | |
| **and** : | |
| : | |
| **THE GOVERNMENT OF THE REPUBLIC** : | |
| **OF CAMEROON** : | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Plaintiffs MBI Group Inc and Atlantic Group, SCI (hereinafter "Plaintiffs") seek jurisdictional discovery to respond to the factual challenges made by Defendants Crédit Foncier Du Cameroun ("CFC") and the Government of the Republic Of Cameroon ("Cameroon," collectively with CFC "Defendants") to jurisdiction and venue in their Motion to Dismiss the complaint. For the reasons set forth below, jurisdictional discovery should be granted.

### I. THE PROCEEDINGS TO DATE

Plaintiffs filed the instant complaint ("Compl.") on April 4, 2007. The Complaint arises out of the wrongful and deliberate breach by defendants – after plaintiffs refused to pay bribes -- of their agreements to provide land, financing and other support for an affordable housing project in Cameroon. The Complaint asserts causes of action sounding in breach of contract (Count One), fraud, deceit and misrepresentation (Count Two), negligent misrepresentation (Count Three), intentional interference with contract

(Count Four), intentional interference with prospective advantage (Count Five), and misappropriation of trade secrets (Count Six).

Defendants filed their motion to dismiss on September 26, 2007. The Motion to Dismiss contends that: subject matter jurisdiction does not exist under the commercial activities exception to the Foreign Sovereign Immunities Act ("FSIA"), at 10-18; CFC is not subject to the personal jurisdiction of this court, id., at 18-20, and the doctrine of *forum non conveniens* requires dismissal of the case in favor of the courts of the Cameroon. *Id.*, at 20-29.

The motion purports to rely on the declarations of rely on the declarations of Professor Ephraim Ngwafor, (the "Ngwafor Decl.,"), Henri Mekongo Mbala (the "Mbala Decl.,"), Beatrice R Assena (the "Assena Decl.,"), Koh Koh (the "Koh Koh Decl.,"), Boscola Andrea (the "Andrea Decl.,"), and Ambassador Tibor P. Nagy, Jr. (the "Nagy Decl.,"), and it further relies on 14 exhibits.

Plaintiffs filed their opposition to the motion to dismiss on November 5, 2007.

Following court-approved consent extensions, defendants' reply to plaintiffs' opposition is due January 7, 2007.

## II. PLAINTIFFS ARE ENTITLED TO DISCOVERY DIRECTED AT THE FACTS ALLEGED BY DEFENDANTS

There are two procedures for challenging the subject matter jurisdiction of the court under Fed.R.Civ.P. 12(b)(1) – a facial challenge, and a factual challenge.

> By moving to dismiss, the defendant may challenge either the legal sufficiency or the factual underpinning of an exception, and how the district court proceeds to resolve the motion to dismiss depends upon whether the motion presents a factual challenge.
>
> If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, then the district court should take the plaintiff's

2

factual allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the plaintiff.

*Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40, 342 U.S.App.D.C. 145, 149 (D.C. Cir. 2000).

Applying *Phoenix*, the District of Columbia Circuit in *Nemariam v. Federal Democratic Republic of Ethiopia* 491 F.3d 470, 475 (D.C.Cir. 2007) wrote that:

> In their motion to dismiss, the CBE and Ethiopia did not dispute the appellants' factual allegations....Grounds for dismissal are based upon issues of law, and *underlying facts sufficient to support dismissal are not in dispute*. Accordingly, we must "take the appellants' factual allegations as true and determine whether they bring the case within any of the exceptions to immunity invoked by the appellants (internal citations, brackets, and quotation marks omitted).

With respect to claims by Defendant that it is immune pursuant to the FSIA, the allegations of the complaint should be more carefully examined. As the court in *Burnett v. Al Baraka Inv. and Development Corp.,* 274 F.Supp.2d 86 (D.D.C. 2003) observed:

> Generally, in entertaining a motion to dismiss, the district court must accept the allegations of the complaint as true, and construe all inferences in the plaintiff's favor." However, "[w]here the motion to dismiss is based on a claim of foreign sovereign immunity, which provides protection from suit and not merely a defense to liability, ... the court must engage in sufficient pretrial factual and legal determinations to satisfy itself of its authority to hear the case before trial." The district court must "go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.

*Burnett v. Al Baraka Inv. and Development Corp.,* 292 F.Supp.2d 9, 14 (D.D.C. 2003) (citations omitted).

In the case at bar, defendants do not challenge the legal sufficiency of the plaintiff's jurisdictional allegations. Instead, they rely on extrinsic testimony from multiple declarants, as well as on extrinsic documentary evidence. Defendants have thus made a factual challenge to this court's subject matter jurisdiction.

In *Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 197 (D.C.Cir.2004), the District of Columbia Circuit reconciled the tension between early resolution of a sovereign's immunity defense and the need for fact-finding in a non-facial challenge. As the *Price* court explained:

> On the one hand, because a foreign sovereign "has immunity from trial and the attendant burdens of litigation," its claim of immunity from suit should be resolved as early in the litigation as possible... lest the purpose to be served by sovereign immunity be unduly compromised. On the other hand, a court is poorly equipped to resolve factual disputes at an early stage in a litigation - as reflected in the ordinary rules of procedure.
>
> In *Phoenix Consulting* we explained how we reconcile these propositions: When a foreign sovereign disputes the fact(s) upon which the district court's subject matter jurisdiction depend(s), the court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." 216 F.3d at 40. This resolution, of course, is not a conclusive determination but is instead subject to change in light of further development of the facts..... And, as we later observed, the district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction (internal citations omitted, quotation marks omitted).

Because the court's subject matter determination turns on resolution of facts, the court must devise procedures to "ferret out" those facts. Those procedures should include limited jurisdictional discovery, including at a minimum discovery from each of the declarants upon whose testimony the motion rests.

With respect to factual challenges under the FSIA, the court in *Phoenix* observed that the district court "must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.... In order to avoid burdening a sovereign that proves to be immune from suit, however, jurisdictional discovery should be carefully controlled and limited.... (internal citations, brackets and quotation marks omitted)." At 149.

In applying the facts to commercial activities exception to sovereign immunity, the court must impose on defendants the burden of proof. It is beyond dispute that "... the foreign sovereign has the burden of proof." *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 665 (D.C.Cir. 2007). And *see Princz v. F.R.G.*, 26 F.3d 1166, 1171 (D.C.Cir.1994), cited with approval in *El-Hadad, supra*, ("It is the burden of the foreign sovereign in each case to establish its immunity by demonstrating that none of the exceptions is applicable"); and *see Transamerican S.S. Corp. v. Somali Democratic Republic*, 767 F.2d 998, (1985), cited with approval in *Princz, supra* ("In accordance with the restrictive view of sovereign immunity reflected in the FSIA, the burden of proof in establishing the inapplicability of these exceptions is upon the party claiming immunity....").

A similar approach applies to challenges to personal jurisdiction. "[P]recisely focused discovery aimed at addressing matters related to personal jurisdiction... is a prerequisite to disposition of the issue of personal jurisdiction." GTE *News Media Services, Inc. v. Bell South Corp.*, 199 F.3d 1343, 1352 (D.C. Cir.2000). Plaintiffs are entitled to "... a fair opportunity to inquire ..." into contacts which would support the exercise of personal jurisdiction. *Crane v. Carr*, 259 U.S. App. DC 229, 235, 814 F.2d 758, 764 (D.C. Cir.1987). "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery..." *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996).

> At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum. Ordinarily, this requirement will be satisfied when the defendant is "amenable to process" in the other jurisdiction. In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may

5

not be satisfied. Thus, for example, dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute...

Only if there is an adequate alternative forum must the court then weigh the relative conveniences to the parties against the presumption of the plaintiff's forum selection....Availability of adequate alternative fora is a threshold test ... in the sense that a *forum non conveniens* motion cannot be granted unless the test is fulfilled.... The defendant bears the burden of proving that there is an adequate alternative forum (internal citations, quotation marks omitted). *Id.*

Finally, discovery on *forum non conveniens* motions is appropriate. *See BCCI Holdings (Luxembourg), Societe Anonyme v. Mahfouz,* 828 F.Supp. 92 (D.D.C.1993) ("the parties were allowed to take discovery on the issues raised in the motions to dismiss, including those relating to *forum non conveniens*.")

Accordingly, plaintiffs should be entitled to discovery limited and directed at the factual allegations made by defendants in support of their motion to dismiss. In particular, plaintiffs should be entitled to take discovery from defendants on the averments contained in the Ngwafor,, Mbala, Assena Decl., Koh Koh, Andrea and Nagy declarations, as well as on defendants' 14 exhibits, as those exhibits related to jurisdiction and *forum non conveniens*, and defendants should be required to produce each of the declarants for deposition, by videoconference or by such other arrangement as is convenient to the parties and counsel. Plaintiffs suggest that a limited discovery period of ninety (90) days should provide sufficient time to initiate and complete the discovery applicable to the motion to dismiss.

Respectfully Submitted,

_____
Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*: (202) 466-3883
*Fax*: (202) 775-7477
*Email*: pmusolino@musolinoanddessel.com

_____
Sylvia J. Rolinski, Esq. # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*: (240) 632-0906
*Email*: srolinski@rolinski.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically on January 2, 2008 on:

Knox Bemis
Dewey & LeBoeuf LLP
1101 New York Avenue NW, Suite 1100
Washington, DC 20005

John Jay Range
B. Donovan Picard
Edward B. Rowe
HUNTON & WILLIAMS
1900 K Street, N.W., Suite 1200
Washington, D.C 20006

_____
Philip M. Musolino

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MBI GROUP, INC., et al.          :
                                 :
     v.                          :
                                 :
                                 :
CRÉDIT FONCIER DU CAMEROUN       :     1:07-cv-00637-JDB
                                 :
   and                           :
                                 :
THE GOVERNMENT OF THE REPUBLIC   :
   OF CAMEROON                   :

## ORDER

This matter having come before this Court on the Motion of Plaintiffs for leave to conduct jurisdictional discovery, and opposition thereto, and good cause having been shown, it is, this ____ day of _____, 2008:

ORDERED, that the motion be and is hereby granted, and it is

FURTHER ORDERED, plaintiffs shall be entitled to conduct discovery on the issues of subject matter jurisdiction, personal jurisdiction, and *forum non conveniens* for ninety (90) days from the date of entry of this order, and it is

FURHTER ORDERED, that defendants shall make available for deposition on the averments of their respective statements and declarations, by videoconferencing, or by telephone, or such other means as is convenient to the parties and their counsel the following witnesses: a designated representative of each defendant, Professor Ephraim Ngwafor, Henri Mekongo Mbala, Beatrice R Assena, Koh Koh, Boscola Andrea, and Ambassador Tibor P. Nagy, Jr.

SO ORDERED.

---

Judge John D. Bates
United States District Court
for the District of Columbia

cc:

Philip M. Musolino
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036

Sylvia J. Rolinski
Danielle M. Espinet
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854

Knox Bemis
Dewey & LeBoeuf LLP
1101 New York Avenue NW, Suite 1100
Washington, DC 20005

John Jay Range
B. Donovan Picard
Edward B. Rowe
HUNTON & WILLIAMS
1900 K Street, N.W., Suite 1200
Washington, D.C 20006