IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **MBI Group, Inc., and** | : |
| **Atlantic Group, SCI,** | : |
| *Plaintiffs*, | :     1:07-cv-00637-JDB |
| v. | : |
| **Crédit Foncier du Cameroun, and** | : |
| **The Government of the Republic of Cameroon,** | : |
| *Defendants.* | : |

---

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Defendants, Crédit Foncier du Cameroun ("CFC") and the Government of the Republic of Cameroon (the "Government"), oppose Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery, filed January 2, 2008. The evidence already submitted by the parties establishes that this Court lacks subject matter jurisdiction and that the Defendants retain their sovereign immunity. Plaintiffs' motion for jurisdictional discovery must be denied, and Defendants' pending motion to dismiss[1] should be granted on the record as it stands.

---

[1] Motion of Defendants Crédit Foncier du Cameroun and The Government of the Republic of Cameroon to Dismiss Plaintiffs' Complaint, filed September 26, 2007.

I.  **JURISDICTIONAL DISCOVERY UNDER THE FSIA IS PERMISSIBLE ONLY AS TO FACTS THAT ARE NECESSARY TO A RULING UPON THE MOTION TO DISMISS AND ONLY AS TO WHICH THE RECORD SHOWS A VALID BASIS FOR A FACTUAL DISPUTE.**

As the courts have consistently recognized, jurisdictional discovery under the Foreign Sovereign Immunities Act ("FSIA") presents special problems because the subject of the potential discovery – the foreign sovereign – may well be entitled to sovereign immunity and not subject to the jurisdiction of the court. Sovereign immunity, if applicable, extends to discovery as well as the other consequences of the court's jurisdiction.

"[S]overeign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) (internal quotation omitted). "The infliction of those burdens [of litigation] may compromise [sovereign immunity] just as clearly as would an ultimate determination of liability." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998). Subjecting the foreign state to unwarranted discovery can " 'frustrat[e] the significance and benefit of . . . immunity from suit.' " *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d at 449 (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)).

Accordingly, any FSIA jurisdictional discovery that is permitted must be "narrowly focused," *In re Papandreou*, 139 F.3d at 252, and "carefully controlled and limited," *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (citing *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d at 449).

Moreover, FSIA jurisdictional discovery is not permitted at all unless it is necessary to resolve an issue of fact upon which the court's jurisdiction depends. As

stated in *Phoenix Consulting, Inc. v. Republic of Angola,* 216 F.3d at 40, the role of FSIA jurisdictional discovery is to "resolve any disputed issues of fact *the resolution of which is necessary to a ruling upon the motion to dismiss.*" (Emphasis supplied.) Jurisdictional discovery is denied if it is not necessary to the determination of the court's jurisdiction. *Goodman Holdings v. Rafidain Bank,* 26 F.3d 1143, 1147 (D.C. Cir. 1994) ("we do not see what facts additional discovery could produce that would affect our jurisdictional analysis"); *Mwani v. bin Laden,* 417 F.3d 1, 17 (D.C. Cir. 2005) (district court did not abuse its discretion in denying discovery because, "even assuming that the Taliban engaged in all of the conduct alleged in the complaint, the commercial activity exception would not apply").

In addition, FSIA jurisdictional discovery is not permitted if, as stated in *Nemariam v. Federal Democratic Republic of Ethiopia,* 491 F.3d 470, 475 (D.C. Cir. 2007), "*underlying facts sufficient to support dismissal are not in dispute*" (emphasis in original).[2] For discovery to be permissible there must be some substantive basis in the record that a real factual dispute does exist that makes a difference with respect to the

---

[2] Jurisdictional discovery is not permissible simply because the motion to dismiss is supported by, and opposed by, declarations and exhibits. In *Nemariam,* for example, Defendants' motion to dismiss for lack of jurisdiction was supported by 12 declarations and 34 exhibits, and the plaintiffs' opposition was supported by more than fifty declarations and numerous exhibits. *See* Defendants' Memorandum of Law in Support of Re-Filed Motion to Dismiss for Lack of Jurisdiction (Mar. 28, 2005), at iii-v, 1 n.1, and Ex. B; and Plaintiffs' Corrected Memorandum of Points and Authorities in Opposition to Defendants' Re-Filed Motion to Dismiss (June 27, 2005), at App. A, *Hiwot Nemariam, et al. v. Commercial Bank of Ethiopia and Federal Democratic Republic of Ethiopia,* No. 00-1392 (D.D.C.). Plaintiffs argued to the Court of Appeals that the lower court's dismissal was erroneous because plaintiffs had not been permitted to complete jurisdictional discovery. Brief for Plaintiffs-Appellees (June 1, 2006), 5-8, 38-40, *Nemariam v. The Federal Democratic Republic of Ethiopia and the Commercial Bank of Ethiopia,* No. 05-7178 (D.C. Cir.). However, as indicated in the text, the Court agreed with defendants that no fact was in dispute that was necessary to support dismissal. With no further comment on this point, the Court affirmed the dismissal. *Nemariam v. Federal Democratic Republic of Ethiopia, supra.*

court's jurisdiction. Thus, in *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996), the Court held:

> El-Fadl is not entitled to discovery against Marto because, in light of the evidence that Marto proffered to the district court and the absence of any showing by El-Fadl that Marto was not acting in his official capacity, discovery would "'frustrate the significance and benefit of entitlement to immunity from suit.'" *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)).

Thus, jurisdictional discovery was denied because the plaintiff had not shown a valid basis for a factual dispute as to whether Marto was acting in his official or his personal capacity. Similarly, in *Burnett v. Al Baraka Investment and Development Corp.*, 292 F.Supp.2d 9, 15 (D.D.C. 2003), the Court held:

> [Plaintiffs] have made no showing that any of Prince Turki's alleged actions were taken other than in his official capacity. The absence of such a showing compels the conclusion that the allegations against Prince Turki only relate to actions he took in his official capacity. Further, because the plaintiffs' suggestions of individual activity are only conclusory, I will not grant plaintiffs' request for jurisdictional discovery.

Again, jurisdictional discovery was denied because the plaintiff had not shown a valid basis for the existence of a factual dispute. And this Court held in *Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil*, 212 F.Supp.2d 30, 37 (D.D.C. 2002):

> plaintiffs are not entitled to discovery on the issue of "direct effect," as plaintiffs present no facts suggesting that Brazil has recently made payments in the United States on the 1902 or 1911 Bonds.

Here, also, jurisdictional discovery was denied because the plaintiff had not brought forth evidence to show that there was a basis for a real dispute as to the fact in question.

In sum, if the plaintiff has not shown a substantive basis in the record for a valid question as to a fact upon which FSIA jurisdiction depends, jurisdictional discovery is not permitted. Without something more than speculation or conclusory assertions to show that a relevant fact is indeed in issue, discovery is a fishing expedition. The infliction of the burden of such discovery compromises sovereign immunity "just as clearly as would an ultimate determination of liability." *In re Papandreou, supra*, 251.

## II. THERE IS NO VALID BASIS FOR DISCOVERY ON FACTS RELEVANT TO JURISDICTION BECAUSE NO GENUINE DISPUTE EXISTS AS TO ANY FACT THAT IS NECESSARY TO SUPPORT DISMISSAL.

In support of their discovery motion, Plaintiffs have not attempted to identify any issue of disputed fact upon which jurisdictional discovery should be permitted.[3] Instead, Plaintiffs seek the right to depose, without any stated limit as to subject matter, every person whose declaration was submitted with Defendants' motion to dismiss – including declarants who address facts that clearly are not in dispute.[4] Plaintiffs' failure to identify fact issues that are shown to qualify for jurisdictional discovery is in itself sufficient reason to deny their motion. Plaintiffs have not even attempted to demonstrate that they meet the applicable conditions for the permission they request.

In any event, there are no issues that warrant jurisdictional discovery. The record shows no substantive basis that a genuine dispute exists as to any fact that is necessary to support dismissal.

---

[3]  *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery, filed Jan. 2, 2008 (hereinafter "Discovery Memorandum" or "Disc. Mem.").

[4]  For example, Béatrice Assena addresses the purchase of property by Atlantic in the name of The Falls, which Plaintiffs do not deny; and Tibor Nagy addresses the lack of apparent authority in Joseph Edou, which Plaintiffs do not dispute.

A. **The Underlying Facts Sufficient to Support Dismissal for Lack of Subject Matter Jurisdiction under § 1605(a)(2) Are Not in Dispute.**

Plaintiffs' assertion of FSIA jurisdiction fails because their claims do not meet the terms of the commercial activity exception. As Defendants showed in their memorandum in support of their motion to dismiss and in their reply in support of dismissal,[5] Plaintiffs' claims do not fall within any of the three branches of 28 U.S.C. § 1605(a)(2), the commercial activity exception of the FSIA.[6] Plaintiffs assert no other basis for subject matter jurisdiction.[7] Accordingly, Plaintiffs' Complaint must be dismissed irrespective of whether the Government is separately exempt from jurisdiction (see Def. Mem. 11-12; Def. Reply 14-15; and I.B below) and irrespective of whether the Court has personal jurisdiction over CFC (see Def. Mem. 18-20; Def. Reply 15-16; and I.C below).

Facts that are not in dispute are sufficient to require dismissal of Plaintiffs' Complaint for failure to meet the requirements of any of the three branches of

---

[5] *See* Defendants' Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint, filed Sept. 26, 2007 (hereinafter "Defendant's Memorandum" or "Def. Mem.") at 10-11 and 12-18; and Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Complaint, filed Jan. 7, 2008 (hereinafter "Defendants' Reply" or "Def. Reply") at 7-15.

[6] Section 1605(a)(2) provides an exception to sovereign immunity in any case –

> in which the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. . . .

(Bracketed numbers supplied to identify the three branches of the exception.)

[7] *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion of Defendants Crédit Foncier du Cameroun and The Government of the Republic of Cameroon to Dismiss the Complaint, filed Nov. 5, 2007 (hereinafter "Plaintiffs' Opposition" or "Opp."), at 23-33.

§ 1605(a)(2). Thus, Plaintiffs base their assertion that their claims fall within the § 1605(a)(2) exception on the following three arguments:

1. Plaintiffs assert that on August 18, 2005, the CFC Board of Directors ratified the alleged May 18, 2004 "Memorandum of Agreement" that CFC General Manager Joseph Edou had allegedly executed, without authority, in the United States. Opp. 23-27.

2. Plaintiffs assert that two alleged trips by CFC personnel to the United States satisfy the second branch of § 1605(a)(2). Opp. 27.

3. Plaintiffs assert that various alleged acts in Cameroon by CFC and the Government satisfy the third branch of § 1605(a)(2). Opp. 27-30.

However, none of these asserted bases for jurisdiction apply, and there is no substantive basis for dispute as to any fact that is necessary to show that they do not.

   **1. There is no valid basis for dispute as to facts that are relevant to Plaintiffs' "ratification" argument.**

Defendants showed that the CFC General Manager, Joseph Edou, lacked the authority to execute the alleged May 18, 2004 "Memorandum of Agreement" so that his alleged signing of the document did not constitute an act of CFC (or the Government) in the United States. Def. Mem. 13-17. Plaintiffs do not dispute this. Instead, Plaintiffs base their claim to the application of the § 1605(a)(2) exception on the assertion that the CFC Board of Directors ratified the "Memorandum of Agreement" on August 18, 2005. Opp. 24-27.

However, Plaintiffs' "ratification" argument must be rejected on the record as it stands.

7

First, even if the CFC Board had ratified the "Memorandum of Agreement" (which it did not), this act occurred in Cameroon, not in the United States. As a matter of law, such ratification might have made effective the previously ineffective "Memorandum of Agreement." However, there was still no act of CFC (or the Government) in the United States so as to qualify for either of the first two branches of § 1605(a)(2). See Def. Reply 9.

Second, Plaintiffs have no substantive basis for asserting that the Board's action of August 18, 2005 constituted a ratification of the "Memorandum of Agreement." Plaintiffs assert that Defendants have "memorialized, asserted and conceded" that the Board ratified the alleged agreement. Opp. 25. However, Plaintiffs' assertion is without support. Nothing in the Board's Resolution 5-09 or in the indictment Plaintiffs quote even mentions the "Memorandum of Agreement." Defendants' declarations show that the Board did not ratify the "Memorandum of Agreement" on August 18, 2005, and that in fact the Board was not even aware of the alleged agreement. *See* Def. Reply 9-11 and the evidence there cited. There is no substantive basis for a dispute of fact with respect to either point.

Third, even if the Board had been aware of the "Memorandum of Agreement," it was not aware that the property developer, Atlantic, was 45% owned by a company (The Falls) that was nominally owned by the brother-in-law of the General Manager, Joseph Edou, who purportedly executed the "Memorandum of Agreement" on behalf of CFC. See Def. Mem. 4-6 and Def. Reply 4, 10-11. This constituted self-dealing and raised the strong possibility that the General Manager himself was the real owner of the interest. No ratification could have been effective without at least the disclosure of the ownership

of the developer, Atlantic. The record presents no basis for contradicting the sworn declarations Defendants have submitted that the Board was not aware of the ownership.[8]

Accordingly, facts sufficient to require rejection of Plaintiffs' ratification theory are not subject to any valid dispute. Plaintiffs have only conjecture, and no record support, for asserting that the Board did ratify the "Memorandum of Agreement."

### 2. There is no factual dispute as to the alleged CFC visits to the United States that is relevant to dismissal.

Plaintiffs assert that two alleged trips to the United States by CFC personnel were "in connection with" the Cameroon housing project and that the trips therefore come within the second branch of § 1605(a)(2). Opp. 27. However, as Defendants pointed out, Plaintiffs argument fails as a matter of law because no claims in Plaintiffs' Complaint are "based upon" the alleged trips. Def. Reply 12. Accordingly, the trips cannot constitute a basis for subject matter jurisdiction under § 1605(a)(2). Jurisdictional discovery with respect to the trips must be rejected because the trips cannot furnish a ground for subject matter jurisdiction in any event. See *Goodman Holdings v. Rafidain Bank, supra*, 26 F.3d at 1147; *Mwani v. bin Laden, supra*, 417 F.3d at 17.

### 3. There is no factual dispute as to the activities in Cameroon of CFC or the Government that is relevant to subject matter jurisdiction.

Plaintiffs argue that the alleged activities of CFC and the Government in Cameroon in connection with the project constitute a basis for subject matter jurisdiction under the third branch of § 1605(a)(2). Opp. 27-30. However, as Defendants showed, there was no direct effect from such activities in the United States. Def. Mem. 18; Def.

---

[8] *See* Second Declaration of Henri Mekongo Mbala (appended to Def. Reply) ¶¶ 9-10, and Declaration of Ndoua Ndzana Remy (appended to Def. Reply) ¶ 5.

Reply 12-13. Accordingly, as a matter of law the alleged activities in Cameroon cannot provide a basis for the § 1605(a)(2) exception, and jurisdictional discovery with respect to them must be rejected because it cannot affect the question of subject matter jurisdiction.

### B. There Is No Valid Basis for Jurisdictional Discovery Relating to Separate § 1605(a)(2) Jurisdiction over the Government of Cameroon.

Because as discussed above (*see* II.A) the Court lacks subject matter jurisdiction for failure of Plaintiffs' claims to meet any branch of § 1605(a)(2), Defendants' argument that the Government is separately exempt from subject matter jurisdiction (Def. Mem. 11-12; Def. Reply 14-15) is not necessary to support dismissal of Plaintiffs' Complaint. Dismissal for failure of Plaintiffs' claims to fall within § 1605(a)(2) will make it unnecessary to reach the argument that the Government is separately exempt or the question of jurisdictional discovery with respect to it.

In any event, there is no valid basis for jurisdictional discovery in connection with the issue. Defendants showed that Plaintiffs alleged no facts that supported subject matter jurisdiction over the Government because no act of the Government itself (as opposed to CFC) even arguably met the conditions for the § 1605(a)(2) exception. Def. Mem. 11-12. Plaintiffs' response was that (1) the Government exercised control over CFC's actions so that CFC's acts must be attributed to the Government, and (2) the Government's own acts in Cameroon fall within the third branch of § 1605(a)(2). Opp. 30-33. Defendants showed that neither of these arguments is correct. Def. Reply 12-13 and 14-15.

There is no record basis for dispute as to facts relating to whether the acts of CFC should be attributed to the Government. For purposes of § 1605(a)(2), such attribution

10

requires the *right to control* with respect to the acts in question. Def. Reply 14; *Transamerica Leasing, Inc. v. La Republica de Venezuela*, 200 F.3d 843, 849 (D.C. Cir. 2000). The relevant statutes and corporate documents submitted by Defendants show that the Government had no such right to control, and that the CFC Board was required to act independently on behalf of CFC. Def. Reply 14-15. Mr. Tchoufa's hearsay evidence is entitled to no weight, but even if it were taken at face value, it does not show the Government had the *right to control* the acts of CFC in issue. *Id.* 15. Plaintiffs do not suggest where such right to control would arise, and they cite no legal basis for it.

Also, there is no valid basis for subject matter jurisdiction over the Government based upon its own acts in Cameroon because no such act had a direct effect in the United States for purposes of the third branch of § 1605(a)(2). Def. Reply 12-13. Accordingly, no jurisdictional discovery is permitted because no fact issues concerning the Government's actions in Cameroon can have an effect on dismissal. *See* II.A.3 above.

### C. There Is No Valid Basis for Jurisdictional Discovery with Respect to Personal Jurisdiction over CFC.

Because as discussed above (*see* II.A) the Court lacks subject matter jurisdiction for failure of Plaintiffs' claims to meet any branch of § 1605(a)(2), Defendants' argument that CFC is exempt from personal jurisdiction is not necessary to support dismissal of Plaintiffs' Complaint. Dismissal for failure of Plaintiffs' claims to fall within the § 1605(a)(2) exception will make it unnecessary to reach the question of personal jurisdiction or jurisdictional discovery in connection with it.

In any event, the issue of personal jurisdiction presents no issue of fact that warrants jurisdictional discovery. Plaintiffs' argument that CFC is not entitled to due process protection involves only issues of law. The allegations of fact upon which

11

Plaintiffs base their argument that CFC had sufficient contacts with the United States (Opp. 35-36) do not present any issues of fact that justify jurisdictional discovery. Plaintiffs do not suggest, and do not have a basis for suggesting, the existence of additional contacts that would be relevant to personal jurisdiction.

### III. JURISDICTIONAL DISCOVERY IS NOT NECESSARY FOR *FORUM NON CONVENIENS* DISMISSAL.

As noted above, Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction because no act of CFC or the Government falls within any of the three branches of the § 1605(a)(2) exception. Def. Mem. 10-11, 12-18; Def. Reply 7-13. Accordingly, the doctrine of *forum non conveniens* is not necessary to support dismissal. However, the reasons supporting the application of *forum non conveniens* are clear, and the doctrine represents a valid alternative ground for dismissal. *See Croesus EMTR Master Fund L.P. v. Federative Republic of Brazil, supra*, at 37.

In this case, *forum non conveniens* dismissal presents no issue of fact upon which jurisdictional discovery is appropriate. As Defendants showed, Plaintiffs' generalized allegations of deficiencies in Cameroon's courts do not disqualify Cameroon as an adequate alternative forum. Def. Reply 16-18. In any event, such allegations raise no issue of fact that is appropriate for resolution by discovery.

Plaintiffs' only specific allegations claimed to show that Cameroon is an inadequate forum relate to the alleged treatment of Roger Tchoufa. Opp. 38-40. However, Plaintiffs' evidence relates to alleged mistreatment by the Cameroon executive

authorities, not by the Cameroon courts.[9] Nothing Plaintiffs have submitted suggests that the Cameroon courts would be biased against them. Plaintiffs have identified no issue of fact in this respect that needs to be resolved, nor have they suggested how any appropriate discovery would resolve any such issues.

Similarly, it is not apparent how the *forum non conveniens* private interest or public interest factors present issues of fact upon which jurisdictional discovery would be appropriate. Certainly, Plaintiffs identify none. Disc. Mem. 6. No such factual disputes have been identified in the parties' briefing of the *forum non conveniens* issues. Def. Mem. 22-29; Opp. 40-45; and Def. Reply 20-25.

---

[9] Of course, Defendants reject the notion that Mr. Tchoufa has been unfairly or unjustly treated. There is ample justification for the criminal proceedings against Mr. Tchoufa. See Def. Reply 19.

## CONCLUSION

Plaintiffs have shown no valid basis for jurisdictional discovery, and none exists. Plaintiffs' motion for leave to conduct jurisdictional discovery must be denied, and Defendants' motion to dismiss Plaintiffs' complaint should be granted on the record as it stands.

Respectfully submitted,

Knox Bemis #14852
Dewey & LeBoeuf LLP
1101 New York Avenue, N.W.
Suite 1100
Washington, DC  20005-4213
(202) 986-8035
(202) 956-3230 (Fax)

January 14, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MBI Group, Inc., and | : |
| Atlantic Group, SCI, | : |
| *Plaintiffs,* | : 1:07-cv-00637-JDB |
| v. | : |
| Crédit Foncier du Cameroun, and | : |
| The Government of the Republic of Cameroon, | : |
| *Defendants.* | : |

## ORDER

On consideration of the motion of plaintiffs for leave to conduct jurisdictional discovery and the opposition of defendants thereto, it is this ___ day of _____, 2008:

**ORDERED** that the motion for leave to conduct jurisdictional discovery is denied.

So ordered.

_____

Judge John D. Bates
United States District Court
For the District of Columbia