UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MBI GROUP, INC., *et al.*,           :
                                      :
    **Plaintiffs**,                   :    Case No. 1:07-cv-00637 (JDB)
                                      :
                                      :
v.                                    :
                                      :
CREDIT FONCIER DU CAMEROUN,           :
*et al.*,                             :
    **Defendants**.                   :

**PLAINTIFFS' MOTION TO VACATE DISMISSAL BECAUSE OF FAILURE OF CONDITIONS AND FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT AND ORDER**

COME NOW Plaintiffs MBI Group, Inc. ("MBI") and Atlantic Group, SCI ("Atlantic", collectively with MBI "Plaintiffs"), by and through undersigned counsel, and, pursuant to Fed.R.Civ. P. 59(e) and 60(b) move this Honorable Court to vacate its June 10, 2008 order of dismissal (the June 10 "Dismissal Order") because of the failure of conditions, and for reconsideration and to alter or amend the June 10 Dismissal Order. In support therefor, plaintiffs respectfully refers this Honorable Court to the annexed memorandum of points and authorities, and exhibits.

WHEREFORE, by all these presents, counsel for plaintiffs prays that the instant motion be granted.

Respectfully Submitted,

Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*:  (202) 466-3883
*Fax*:    (202) 775-7477
*Email*:  pmusolino@musolinoanddessel.com

*SJR6*

Sylvia J. Rolinski # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*:    (240) 632-0906
*Email*: srolinski@rolinski.com

## CERTIFICATE OF COUNSEL

I, Philip M. Musolino, certify that I sought consent to the instant motion on June 23, 2008. Counsel for defendants advised undersigned that defendants will oppose the motion.

Philip M. Musolino

## CERTIFICATE OF SERVICE

I hereby certify that this 24th day of June, 2008, a copy of the foregoing was served electronically via ECF on:

Knox Bemis
*Hunton & Williams LLP*
1900 K Street, NW
Washington, D.C. 20006-1109

Philip M. Musolino

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MBI GROUP, INC.,** *et al.,* | : |
| **Plaintiffs,** | : Case No. 1:07-cv-00637 (JDB) |
| v. | : |
| **CREDIT FONCIER DU CAMEROUN** *et al.,* | : |
| **Defendants.** | : |

## ORDER

This matter having come before this Court on Plaintiffs' Motion to Vacate Dismissal Because of Failure of Conditions and for Reconsideration and to Alter or Amend Judgment, and opposition thereto, it is, for good cause shown this _____ day of _____, 2008,

ORDERED, that the instant motion be and is hereby GRANTED, and it is

FURTHER ORDERED, that the court's order entered June 10, 2008 be and is hereby vacated, and it is

FURTHER ORDERED that this matter is set for a status and scheduling conference on _____, 2008.

SO ORDERED.

_____
John D. Bates, Judge
United States District Court for the
District of Columbia

Cc:

    Philip M. Musolino, Esq.
    *Musolino & Dessel*
    1615 L Street, NW, Suite 440
    Washington, DC 20036

    Sylvia J. Rolinski
    Danielle M. Espinet
    *Rolinski & Suarez, LLC*
    14915 River Road
    Potomac, Maryland 20854

    Knox Bemis
    *Hunton & Williams LLP*
    1900 K Street, NW
    Washington, D.C. 20006-1109

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MBI GROUP, INC.,** *et al.,* | : |
| **Plaintiffs,** | : Case No. 1:07-cv-00637 (JDB) |
| v. | : |
| **CREDIT FONCIER DU CAMEROUN,** *et al.,* | : |
| **Defendants.** | : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE DISMISSAL BECAUSE OF FAILURE OF CONDITIONS AND FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT AND ORDER

On June 10, 2008, this court granted the motion of defendants Credit Foncier du Cameroun ("CFC") and the Republic of the Cameroon ("Cameroon, "collectively with CFC "defendants") to dismiss the case on the grounds of *forum non conveniens*. Dismissal Order, docket number ("#") 23. The Dismissal order was accompanied by a detailed Memorandum Opinion. #24.

Plaintiffs MBI Group, Inc. ("MBI") and Atlantic Group, SCI ("Atlantic," collectively with MBI "plaintiffs") move this court to vacate the Dismissal Order because the conditions fixed by the court have not, will not and cannot be met by the Cameroun courts. In the alternative, plaintiffs respectfully ask this court to reconsider and to alter or amend the findings and conclusions in its Memorandum Opinion with respect to the relative public interests in combating corruption, and the impact of the unavailability of MBI's representative in Cameroon.

For the reasons set forth below, the instant motion should be granted.

I. **The Conditions Imposed by the Court Have Not and Cannot be Met by Cameroon's Courts**

In its Memorandum Opinion, this court imposed conditions on its *forum non conveniens* dismissal. As the court explained: "... in an abundance of caution and to avoid any potential undue prejudice to plaintiffs, the Court will condition dismissal upon defendants' submitting to jurisdiction in Cameroon and on the Cameroonian court's acceptance of the case." Memorandum Opinion, at 18.

The court's concerns were well-placed. As Cameroonian attorney Jules Nkana declares:

> 1. ... on Tuesday, June 24, 2008, on behalf of my Law Firm, I submitted a case for filing with the Civil Court in Yaounde, Cameroon.
>
> 2. ... the Plaintiffs in the Complaint filed in the Yaounde Court case are MBI Group, Inc., and Atlantic Group, SCI, and the Defendants are Credit Foncier du Cameroun and the Government of Cameroon, which is represented by the Ministry of Finance.
>
> 3. ... the Complaint filed in the Cameroonian Court is in all material respects the same as the Complaint which was filed by the Plaintiffs in the United States Federal District Court for the District of Columbia, USA (Case 1:07-cv-00637-JDB).
>
> 4. ... when I submitted the said Complaint to the Yaounde Court, I was informed by the Chief Court Clerk that for the case to be accepted for filing and for the case to proceed, the Plaintiffs (MBI Group, Inc. and Atlantic Group SCI) must pay to the Cameroon Court a fee of five percent (5%) of CFA 205,000,000,000 which is the amount claimed by the Plaintiffs in the Complaint. (The CFA 205,000,000,000 is equivalent to the US$500 million claimed by the Plaintiffs in the Complaint filed in the United States). The five percent fee required by the Cameroon Court is CFA 10,250,000,000 or the equivalent of twenty four million dollars four hundred thousand and five hundred and eighty one (US$24,400,581).

Declaration of Jules Nkana ("Nkana Decl."), appended hereto as Plaintiffs' Exhibit ("PX") A.

The Cameroon courts have, thus, imposed a fee of nearly twenty-five million dollars in order to accept the case for filing and in order to proceed with the case. The second condition imposed by this court – acceptance of the case – cannot and will not be met.

In *Mercier v. Sheraton International Inc.* 981 F.2d 1345 (1st Cir. 1992), analyzing the significance of a Turkish bond requirement, the First Circuit observed that:

> It has been noted that an action should not be dismissed on forum non conveniens grounds without first considering "the realities of the plaintiff's position, financial or otherwise, and his or her ability as a practical matter to bring suit in the alternative forum." *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339 (8th Cir.1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984) (vacating transfer to Cayman Islands, based in part on indigent plaintiff's inability to post "cost bond"); *see also Macedo v. Boeing Co.*, 693 F.2d 683, 688, 690 (7th Cir.1982) ("cost bond" requirement may be given weight in forum balancing process)....

At 1353.[1] The *Mercier* Court then noted that:

> The Merciers are not indigent, nor can the Turkish bond requirement, though substantial, be considered excessive in the circumstances Its function is to cover court costs and to ensure the eventual recovery of any damages awarded against the plaintiff.

No such claim can be made here. As the declaration of John Kamya (Kamya decl.," appended hereto as PX B) makes clear, the Cameroonian demand of a twenty five million dollar fee is tens of millions of dollars beyond the resources of plaintiffs. Nor can

---

[1] In *Nai-Chao v. Boeing Co.*, 555 F.Supp. 9, 16 (N.D.Cal.1982), *aff'd*, 708 F.2d 1406 (9th Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983), cited by the *Mercier* court for the proposition that a Taiwanese one percent filing fee was not an impediment, the court emphasized that there was no evidence to suggest that the fee could not be paid by plaintiffs. As the *Nai-Chao* court wrote: "The next argument advanced by plaintiffs is that Taiwan is not an adequate forum because the Chinese courts require payment of a filing fee amounting to one percent of the claim, and an additional fee of one-half percent is required for each appeal. The Court does not find this argument persuasive. Judge Wang himself notes that a party may obtain procedural relief from payment of the fee if the party is "devoid of the means to pay the cost." Judge Wang suggests that such relief is granted only in those cases where the plaintiff is completely destitute, but the Court notes that the plaintiffs here have not asserted that the filing fee requirement would make it impossible for them to prosecute this action in China, or even that the fee would be a serious hardship to them." At 16.

3

any serious claim be made that the fee is designed to cover "court costs" or to ensure recovery of any claim against the plaintiffs.[2]

"Often, the cost, time, and personal risk of pursuing a claim dismissed from an American courtroom is so great that plaintiffs can rarely justify the reinstatement of their erstwhile valid claims abroad." Marlowe, CM, *Forum Non Conveniens Dismissals And The Adequate Alternative Forum Question: Latin America* 32 U. Miami Inter-Am. L. Rev. 295, 298 (Spring-Summer 2001). In one survey of more than fifty personal injury actions dismissed under the *forum non conveniens* doctrine, only one case was actually tried in a foreign court. Hilmy Ismail, *Forum Non Conveniens, United States Multinational Corporations, and Personal Injuries in the Third World: Your Place or Mine?*, 11 B.C. Third World L.J. 249, 250 n.7 (1991). Another report concluded that less than four percent of cases dismissed under the doctrine ever reach trial in a foreign court. Anderson, W. *Forum Non Conveniens* Checkmated? – *The Emergence of Retaliatory Legislation*. 10 J. Transnat'l L. & Pol'y 183, 193, Spring 2001.

Here, the imposition of a monumentally prohibitive fee prevents the litigation of plaintiffs' claims in the Cameroon. Clearly, the second condition imposed by this court has failed in its entirety. On that basis alone, this court should vacate its order of dismissal.

## II. The Interest of the United States In Fighting the Corruption Alleged In This Case Exceeds the Interest of the Cameroon

This court analyzed in detail defendants' assertion that public interests favor litigation of this matter in Cameroon. *See* Motion of Defendants to Dismiss Plaintiffs' Complaint ("Motion to Dismiss") at 25, and *see* Memorandum Opinion, at 22-26.

---

[2] Defendants have never alleged, or even suggested, that they have any claim of any kind against plaintiffs.

Plaintiffs respectfully ask the court to reconsider and to alter or amend its findings and conclusions with respect to the second of four public interest factors – the local interest in having localized controversies decided at home, Memorandum Opinion, at 22 -- and its determination that

> [F]rom the national perspective of the United States, this is simply an ordinary breach of contract case… and …that interest pales in comparison to Cameroon's stake in adjudicating a dispute that involves accusations of bribery against government officials and an affordable housing project of national concern.

Memorandum Opinion at 24. This court recognized that the United States has a national interest in combating corruption, but found Cameroon's stake to be more significant. *Id.* at 24.

Plaintiffs respectfully urge the court to consider, however, that the interest of the United States in fighting international corruption – in particular demands for bribes made to American companies – is, in any actual or realistic context, far greater than the concrete and realizable interest of any branch of the Cameroonian government, in particular the Cameroon judiciary.

It was, after all, a "high official" of the Cameroon government who demanded the bribe in issue in this case. Plaintiffs' Opposition to Defendants' Motion to Dismiss, #13, ("Plaintiffs' Opposition"), Document 13-2, page 6 of 87, at ¶ 29. The response of the Cameroon government – its executive branch and its judicial branch[3] -- was not to prosecute the government official demanding the bribe, but to prosecute in the Cameroon the American who called attention to the bribe demand. It may be that the Cameroonian government pays lip service to the fight against corruption, but its actions in this case are

---

[3] As plaintiffs noted in their Opposition, the judicial branch is subordinate to the executive branch in Cameroon. At 37, 38.

5

paradigms of the United States Department of State's assessment of the pervasiveness of corruption in the Cameroon. Plaintiffs' Opposition, at 37.

In assessing the "interest" of the Cameroon in allegations of government corruption, this court should look beyond a philosophical or theoretical appreciation for a citizenry's interest in honest government; instead, the court should focus on the actual desire of the existing government to root out, combat, or at least challenge corruption, including its own. Nothing in the record before this court suggests any such desire. To the contrary, the evidence before the court points to relentless and egregious government retaliation against everyone – Cameroonian[4] and American -- who refuses to participate in bribery and who discloses the bribery demands.

By contrast, "…the United States has a strong national interest in combating international bribery. The United States has been a leader in the international effort against it." *In Re Grand Jury Subpoena Dated August 9, 2000* 218 F.Supp.2d 544, 562 (S.D.N.Y.2002). As the United States Supreme Court reiterated two weeks ago in *Republic of Philippines v. Pimentel* __ U.S. ___, 2008 WL 2369068*12 (2008)(decided June 12, 2008): "…(C)ombating public corruption is a significant international policy."[5]

With respect to the claims in this case, the United States government's Millennium Challenge Corporation ("MCC")[6] wrote to MBI on March 17, 2008, that:

---

[4] Mr. Joseph Edou continues to languish in confinement to this day in Cameroon. *See* Plaintiffs' Opposition, at 10, n.6.

[5] The Supreme Court in *Pimentel* made specific reference to the United Nations Convention Against Corruption, G. & A. Res. 5814, chs. IV and V, U.N. Doc. A/RES/58/4, pp. 22, 32 (Dec. 11, 2003) (reprinted in 43 I.L.M. 37 (2004)); Treaty on Mutual Legal Assistance in Criminal Matters Art. 16, Nov. 13, 1994, S. Treaty Doc. No. 104-18 (1995). *Id.*, at 12. The United States has also taken the lead in the Inter-American Convention Against Corruption, the Convention on Combating Bribery of Foreign Public Officials, and the Stability Pact Anticorruption Initiative.

[6] The MCC is discussed in Plaintiff's Opposition, at 9, and in the Complaint, at ¶ 10. The United States' Overseas Private Investment Corporation ("OPIC"), *id.*, was prepared to play a significant role in the project in issue in this case. Plaintiffs' Opposition, at 9, 10, 12, 15, 16, 20, 21, 26, 29, 35 and 42.

6

> Cameroon is a candidate for Millennium Challenge Corporation assistance but has not been selected as eligible to participate in an MCC program. We take your concerns seriously and we wish to let you know that this type of information is taken into consideration when selecting MCC partner countries.

PXC.

The interest of the United States in protecting American citizens who resist at great cost and risk demands for international bribery is, thus, well-recognized. When weighed against the Cameroon's overtly antagonistic reaction to the bribery revelations in this case, the public interest balance favors litigation of plaintiffs' claims in the United States.

### III.   The Unavailability in the Cameroon of MBI's Representative Precludes Dismissal.

This court recognized that the fears of plaintiff MBI's Mr. Roger Tchoufa for his safety and liberty in the Cameroon were pertinent to a *forum non conveniens* analysis, Memorandum Opinion, at 17, but, relying in part on *Irwin v. World Wildlife Fund, Inc.* 448 F.Supp.2d 29 (D.D.C. 2006) and *Effron v. Sun Line Cruises* 67 F.3d 7,11 (2d Cir. 1995), this court wrote that "the right to <u>attend</u> trial, while significant, is not absolute (emphasis in original)." At 17.

In *Irwin,* husband and wife plaintiffs sued an American corporation in the District of Columbia, alleging violations of the law of Gabon for a boating accident in that country. Plaintiffs resided in Scotland, but contended that one plaintiff's "precarious medical condition" prevented her from traveling to Gabon. At 31. As the court wrote:

> Defendant has indicated a willingness to accommodate Ms. Irwin as much as possible.... Defendant has agreed to take Ms. Irwin's pretrial testimony in Scotland....  ... Ms. Irwin's husband and co-plaintiff will presumably be available to attend pretrial proceedings in Gabon. At 33.

7

None of those ameliorating circumstances is applicable to plaintiffs in this case.[7] Moreover, unlike *Irwin*, there is most certainly a contention by plaintiffs in this case that the defendants "can or would exert influence over" any civil proceedings. *Id.*, at 34.

In *Effron*, plaintiff's complaints about litigating her claim in Greece were limited to questionable and "conclusory assertions that she cannot afford to travel to Greece, that she would be afraid to stay in a strange city (and) that she does not know any Greek lawyers...." At 11.[8] Thus, though as this court observed the *Effron* court distinguished the right to attend from an opportunity to be heard, *Effron*, at 11, the threshold rationale in *Effron* was not comparable to claims based on fear for safety. *See* Plaintiffs' Opposition, at 39, n.31.

Plaintiffs therefore respectfully request that the court reconsider the weight it accorded to plaintiffs' legitimate fears for safety, and the absence of any ameliorating conditions.

Respectfully Submitted,

Philip M. Musolino #294652
*Musolino & Dessel*
1615 L Street, N.W., Suite 440
Washington, D.C. 20036
(202) 466-3883
*Voice*: (202) 466-3883
*Fax*:   (202) 775-7477
*Email*: pmusolino@musolinoanddessel.com

---

[7] MBI president Kamya avers in PXB that fears for personal safety are not limited to Mr. Tchoufa.
[8] As the court noted: "Unsupported statements concerning financial difficulties are less than persuasive when made by someone who owns homes in Palm Beach and New York and who has just returned from an expensive foreign vacation." At 11.

*SJR* /s/

Sylvia J. Rolinski # 430573
Danielle M. Espinet # 478553
*Rolinski & Suarez, LLC*
14915 River Road
Potomac, Maryland 20854
*Voice*: (240) 632-0903
*Fax*:    (240) 632-0906
*Email*: srolinski@rolinski.com

## DECLARATION OF JULES NKANA, ADVOCATE

I, Jules Nkana, an Attorney practicing law in the Republic of Cameroon, being duly sworn and under oath and under penalty of perjury under the laws of the United States of America, do hereby swear and affirm that the statements in this declaration are true and accurate and are based on my personal information.

1. That I hereby confirm that on Tuesday, June 24, 2008, on behalf of my Law Firm, I submitted a case for filing with the Civil Court in Yaounde, Cameroon.

2. That the Plaintiffs in the Complaint filed in the Yaounde Court case are MBI Group, Inc., and Atlantic Group, SCI, and the Defendants are Credit Foncier du Cameroun and the Government of Cameroon, which is represented by the Ministry of Finance.

3. That the Complaint filed in the Cameroonian Court is in all material respects the same as the Complaint which was filed by the Plaintiffs in the United States Federal District Court for the District Of Columbia, USA (Case 1:07-cv-00637-JDB).

4. That when I submitted the said Complaint to the Yaounde Court, I was informed by the Chief Court Clerk that for the case to be accepted for filing and for the case to proceed, the Plaintiffs (MBI Group, Inc. and Atlantic Group SCI) must pay to the Cameroon Court, a fee of five percent (5%) of CFA 205,000,000,000 which is the amount claimed by the Plaintiffs in the Complaint. (The CFA 205,000,000,000 is equivalent to the US$500 million claimed by the Plaintiffs in the Complaint filed in the United States). The five percent fee required by the Cameroon Court is CFA 10,250,000,000 or the equivalent of twenty four million dollars four hundred thousand and five hundred and eighty one (US$24,400,581).

5. That the above is the truth and only the truth, under the penalties of perjury under the laws of the United States of America.

Signed: _____   Date: 24 Juin 2008
Nkana J. Jules

NKANA J. JULES
AVOCAT
B.P. 7001 . YAOUNDE
TEL (237)223.42.65/953.76.75
+39888928888/+39199888418

EXHIBIT A

## DECLARATION OF
## JOHN M. KAMYA PRESIDENT AND CEO OF MBI GROUP, INC.

I, John M. Kamya, the President and CEO of MBI Group, Inc. being duly sworn and under oath and under penalty of perjury under the laws of the United States of America, do hereby swear and affirm that the statements in this declaration are true and accurate and are based on my personal knowledge.

1. That on June 24, 2008, MBI Group, Inc. and Atlantic Group SCI filed a civil Complaint against Credit Foncier du Cameroun and the Government of Cameroon (represented by the Ministry of Finance of Cameroon) in the Civil Court in Yaounde, Cameroon.

2. That the Complaint filed in the Cameroonian Civil Court is in all material respects the same as the Complaint which was filed by MBI Group, Inc. and Atlantic Group SCI in the United States Federal District Court for the District Of Columbia (Case 1:07-cv-00637-JDB).

3. That as a condition for the acceptance of the case for filing in the Cameroonian Civil Court, MBI Group, Inc and Atlantic Group SCI are required to pay a fee equal to five percent of the amount claimed in the Complaint, which equates to a filing fee of twenty four million four hundred thousand and five hundred and eighty one dollars (US$24,400,581).

4. That MBI Group, Inc. and Atlantic Group SCI do not have such sums to pay as fees to the Cameroonian Court for the right or privilege to file a civil Complaint. The demanded sum exceeds by tens of millions of dollars the funds available to Plaintiffs.

5. That I consider it extremely unsafe and dangerous for any employee, or Director of MBI Group, Inc. (particularly Roger Tchoufa and myself) to travel to Cameroon to pursue MBI Group's case in the Cameroonian Courts. Furthermore, as previously communicated to the US Judge, evidence of this danger is the fact that when the Plaintiffs filed the subject case in the United States in April 2007, the Cameroonian Government caused the illegal seizure and incarceration of Roger Tchoufa in Ivory Coast in May 2007, and it was only after the timely intervention of the United States Government through the United States Embassy in Abidjan, Ivory Coast and the Courts of Ivory Coast that he was released a month later. Therefore any person associated with the Plaintiffs in this Complaint faces real and imminent danger from the Cameroonian Government.

6. That the above information is the truth and is based on my personal knowledge.

Signed: _____     Date: June 24, 2008
John M. Kamya

**EXHIBIT B**

**MILLENNIUM CHALLENGE CORPORATION**
REDUCING POVERTY THROUGH GROWTH

MAUREEN HARRINGTON
VICE PRESIDENT, POLICY AND INTERNATIONAL RELATIONS

March 17, 2008

Mr. John M. Kamya
President and CEO
MBI Group, Inc.
7200 Wisconsin Avenue, NW
Suite 702
Bethesda, MD 20814

Dear Mr. Kamya:

Thank you for your letter dated February 7, 2008 to Ambassador Danilovich expressing your concern regarding the pending litigation between MBI Group, Inc. and the Government of Cameroon. He has asked me to respond on his behalf.

Cameroon is a candidate for Millennium Challenge Corporation assistance but has not been selected as eligible to participate in an MCC program. We take your concerns seriously and we wish to let you know that this type of information is taken into consideration when selecting MCC partner countries.

Thank you for providing this information to us. We appreciate your interest in MCC.

Sincerely,

Maureen Harrington
Vice President
Policy and International Relations


EXHIBIT C